# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICHARD WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV692 HEA |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq,* and his application for supplemental security income (SSI) under Title XVI of the Act, 42 U.S.C. § 1381, *et seq.* For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### Facts and Background

Plaintiff was 48 years old at the time of the hearing. He did not finish high

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

school; he completed tenth grade.  The ALJ found Plaintiff had the severe impairments of: residual effects of a right hand injury and partial amputation, major depressive disorder, post-traumatic stress disorder and skeletal muscular back pain.  At the April 28, 2008 hearing, Plaintiff testified that he is married, but separated and lives in a camper on a piece of property owned by his parents.  Plaintiff testified that he uses a wheelbarrow to retrieve water in gallon jugs.  He testified that he feels pain in his back and has to elevate his feet.  He has phantom pain in his hand from the partial amputation.  Plaintiff also testified that he does not feel comfortable around people, and that he does not participate in social activities.  He washes himself and showers weekly.

A vocational expert testified at the hearing.  He testified that, based on Plaintiff's work history and his limitations, there were jobs available, other than Plaintiff's previous jobs.  The vocational expert testified that the jobs of usher, furniture rental consultant and a surveillance system monitor would be available in the national economy, however, adding the additional limitation of no more than occasional contact with the public on the job, the VE testified that only the surveillance system monitor would be available.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*. And XVI of the Act, 42 U.S.C. § 1381, *et seq* was denied on July 19, 2006.  Plaintiff appeared and testified before

an ALJ on April 24, 2008. On May 15, 2008, the ALJ issued an unfavorable decision. On January 27, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011)

(discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by

comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since October 20, 2004, the alleged onset date. At Step Two, the ALJ found that

Plaintiff had the following severe impairments: residual effects of a right hand injury and partial amputation, major depressive disorder, post-traumatic stress disorder and skeletal muscular back pain. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments in the listings.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except he is unable to climb ladders, ropes or scaffolds and can only use his dominant hand occasionally for gross grasping, handling and pinching. Plaintiff is to avoid hazardous unprotected heights, dangerous machinery. He would be limited to jobs involving only simple instructions and directions (unskilled work). At Step Four, the ALJ determined that Plaintiff was not capable of performing past relevant work as a welder. At Step Five, the ALJ found that Plaintiff has acquired work skills and that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. The ALJ concluded that Plaintiff had not been under a disability as defined in the Act.

**Standard For Judicial Review**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is

supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the AL's findings, the court must affirm the AL''s decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

**Discussion**

In his appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the decision of the ALJ failed to properly consider Residual Functional Capacity under the standards contained in *Singh* and *Lauer*; (2) A response to a hypothetical question that does not capture the concrete consequences of Plaintiff's impairment is not considered substantial evidence and therefore, in this matter, the vocational expert testimony cannot be considered substantial evidence.

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding his symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and

the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

When analyzing a claimant's subjective complaints of pain, the ALJ must consider the five factors from *Polaski v. Heckler*: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. See 739 F.2d 1320, 1322 (8th Cir.1984); see also 20 C.F.R. §§ 404.1529, 416.929. "The ALJ [is] not required to discuss methodically each *Polaski* consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir.2000). "Because the ALJ [is] in a better position to evaluate credibility, we defer to his credibility determinations as long as they [are] supported by good reasons and substantial evidence." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ discussed his reasons for his conclusions. The ALJ observed that Plaintiff did not seek treatment for alleged physical and mental impairments between July 2005 and August 2007.[2] Plaintiff was without pain medication

---

[2] While this time period is before Plaintiff was awarded Medicaid, nowhere does the record indicate that Plaintiff sought, but was refused, medical treatment.

during this time.  Subsequent to the Medicaid award, Plaintiff continued to seek medical treatment on an infrequent basis.  Significantly, Plaintiff's only specialty mental health treatment was on the same day he was evaluated by the consultative psychologist, Dr. Martin.  Plaintiff had no psychiatric admission since the alleged onset date.

With regard to Plaintiff's activities, Plaintiff testified that he loads five gallon jugs of water into a wheelbarrow and transports them to his camper.  He then unloads the jugs into a water cooler.  The ALJ noted that this activity is inconsistent with Plaintiff's allegation that he is unable to use his right hand for gripping.

Because the ALJ properly applied Polaski and provided valid reasons for discounting Plaintiff's testimony, the Court finds the ALJ did not err in discounting the most severe subjective complaints of pain. *McDade v. Astrue,* 720 F.3d 994, 999 (8th Cir 2013)("See *Perks*, 687 F.3d at 1093 (affirming ALJ's decision to discount claimant's reports of disabling back pain where claimant's normal activities included 'meal preparation, mowing his yard on a riding mower, shopping for food, and maintaining the family's finances').)" *Id.*

Furthermore, the ALJ properly considered the medical evidence. *Lauer v. Apfel*, 245 F.3d 700 (8th Cir. 2001); *Singh v. Apfel*, 222 F.3d 448 (8th Cir. 2000).

As Defendant correctly observes, Plaintiffs primary physical impairment was the residuals of a traumatic injury to his dominant right hand that required the amputation of his ring finger and little finger, as well as part of his palm. Although Plaintiff reached maximum medical improvement in July 2005, he was diagnosed with depression and post traumatic stress disorder in response to his hand injury. The record, however showed minimal outpatient psychiatric treatment. Likewise, while Plaintiff has muscular skeletal back pain, radiographic studies of the lumbosacral spine in August 2007 were rated as "normal."

Plaintiff also argues that the ALJ did not properly consider the medical opinions. After careful consideration, the Court concludes that the ALJ's resolution of the conflict among the medical opinions was appropriate. Ms. Butler's May 2007 completion of the Missouri Department of Social Service form preceded the time when Ms. Butler began her treatment of Plaintiff in August 2007. Moreover, Ms. Butler did not describe the limitations Plaintiff's impairments imposed on his capacity for work related activities. The ALJ also noted that the treatment notes from the Simpelo Clinic for the time period of August 2007 through March 2008 reflected few, if any, positive findings consistent with disability or any physician imposed limitations on Plaintiff's activities.

Dr. Thurman's findings are inconsistent with Ms. Butler's opinion. Dr. Thurman evaluated Plaintiff at the request of the State Agency on May 25, 2006. He noted that the amputation of Plaintiff's two fingers on his right hand gave him a stiff right grip. Plaintiff told Dr. Thurman that he was not on any medication at that time. X-rays of Plaintiff's left knee and lumbosacral spine were generally unremarkable. Dr. Thurman concluded that Plaintiff had no impairment related physical limitations.

With regard to Dr. Martin's opinion, the ALJ concluded that her opinion should be given a lesser degree of weight because she assessed no sever limitations in understanding and remembering simple instructions, but concluded Plaintiff had significant limitations in concentration. The ALJ concluded that Dr. Martin's opinion should be given lesser weight based on Plaintiff's lack of ongoing mental health treatment, coupled with the brief single admission based on Dr. Martin's concern that Plaintiff appeared suicidal on the day she evaluated him. The ALJ noted that Dr. Martin assessed Plaintiff a Global Assessment of Functioning (GAF) score of 70, which is indicative of "mild" symptoms and functioning that was pretty satisfactory overall.

Plaintiff's argument that the ALJ did not properly consider the award of Medicaid benefits must fail. While the Court recognizes that the award must be

taken into consideration, it is not binding on the Commissioner of Social Security. *Cruze v. Chater*, 85 F.3d 1320, 1325 (8th Cir 1996). The basis for the award in this case was Ms. Butler's completion of the Missouri State form, which, as previously noted, was completed before she began treatment of Plaintiff in August 2007. Thus, it appears that it was not a determination of disability by the State agency, rather, it was based on Plaintiff's own explanation of his impairments to Ms. Butler.

Plaintiff's second challenge to the ALJ's decision is that a response to a hypothetical question that does not capture the concrete consequences of Plaintiff's impairment is not considered substantial evidence and therefore, in this matter, the vocational expert testimony cannot be considered substantial evidence.

Plaintiff argues that because the hypothetical did not include significant limitations affecting his ability to concentrate and make decisions, and the severe limitations of Plaintiff's ability to respond appropriately to changes, to be aware of normal hazards in the environment, and to continually focus and concentrate. As Defendant correctly argues, the ALJ is only bound to include in the hypothetical question those impairments and limitations found to be credible. Based on the entire record, including the medical evidence and the medical opinions, the ALJ only included those limitations found to be credible. Because of the lack of

credible evidence of those limitations of which Plaintiff argues, the ALJ was not required to incorporate them into the hypothetical question for the vocational expert. The ALJ properly included for consideration only the limitations which were supported by the record.

### Conclusion

After careful examination of the record, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 9th day of September, 2013.

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**